945 F.2d 406
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Neil WHITLEY, Petitioner-Appellant,
v.
Arthur TATE, Jr., Respondent-Appellee.
 No. 91-3404.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1991.
 
 1
 Before BOYCE F MARTIN JR. and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Neil Whitley, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On July 7, 1967, Whitley was indicted by an Adams County, Ohio, grand jury on one count of murder in the first degree and one count of murder in the first degree while perpetrating a robbery. On November 6, 1967, a jury returned a verdict, finding Whitley guilty as charged. Pursuant to the jury's recommendation of mercy from the death penalty, the trial court sentenced Whitley to concurrent terms of life imprisonment on each count. Whitley's conviction was affirmed on appeal.
 
 
 4
 On October 26, 1990, Whitley filed this habeas corpus action arguing: 1) the double jeopardy clause was violated when he was found guilty of two separate crimes of murder in the first degree when only one person was killed; and 2) the trial court denied him due process by failing to furnish him a copy of the closing argument portion of the trial transcript.
 
 
 5
 The district court, utilizing a cause and prejudice analysis, dismissed the petition after finding that Whitley had waived review of his claims because of his failure to comply with applicable state procedural rules. Alternatively, the district court discussed the merits of the claims and found that neither of them warranted habeas relief.
 
 
 6
 Upon review, we affirm the district court's judgment because Whitley has failed to establish cause and prejudice to excuse his procedural defaults in the Ohio state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Moreover, Whitley has failed to make a colorable showing of innocence to excuse the cause and prejudice requirement. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Assuming arguendo that Whitley's claims were not waived, we find that they are meritless for the reasons stated by the district court in its opinion and order dated April 12, 1991.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation